UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE FOOTE,<br><br>    Plaintiff,<br><br>        v.<br><br>DR. STEPHEN CHU, Secretary, U.S.<br>Department of Energy,<br><br>    Defendant. | Civil Action No. 11-1351 (CKK) |

MEMORANDUM OPINION
(May 7, 2012)

Plaintiff Ronnie Foote filed suit against Dr. Stephen Chu, in his official capacity as Secretary of the United States Department of Energy ("Defendant"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). After the initial scheduling conference, Defendant amended his Answer to the Complaint to include the affirmative defense of improper venue, and subsequently moved to dismiss the case, alleging venue is improper in this District under Title VII, and seeking in the alternative a transfer under 28 U.S.C. § 1404(a). Defendant's [13] Motion to Dismiss or to Transfer the Matter Pursuant to Title VII or, in the Alternative, Pursuant to 28 U.S.C. § 1404(a), and [15] Motion to Stay Discovery, are now fully briefed and ripe for determination.[1] Upon consideration of the parties' submissions and the record before the Court, Defendant's motions

---

[1] *See*
   Def.'s Mot. to Transfer: Def.'s Mot., ECF No. [13], Pl.'s Opp'n, ECF No. [21]; and Def.'s Reply, ECF No. [26].
   Def.'s Mot. to Stay: Def.'s Mot., ECF No. [15]; Pl.'s Opp'n, ECF No. [22]; Def.'s Reply, ECF No. [26].

are DENIED.

## I. BACKGROUND

According to the Complaint, in August 2007, Plaintiff received a conditional offer of employment as an Emergency Operations Specialist with the Transportation and Emergency Control Center ("TECC"), part of the National Nuclear Security Administration ("NNSA") within the Department of Energy, located in Albuquerque, New Mexico. Compl., ECF No. [1], at 1. The offer was conditioned on Plaintiff receiving a certification from the Human Reliability Program. *Id.* at 2. Dr. Daniel Seagrave, who administered Plaintiff's psychological interview, recommended denying Plaintiff the necessary certification. *Id.* Plaintiff alleges Dr. Seagrave gave "intentionally false information" in his report to Dr. Anthony Traweek, Dr. John Sloan, and Dennis Reese, who ultimately denied Plaintiff's request for certification, causing the offer of employment to be rescinded. *Id.* Plaintiff claims Dr. Seagrave lied about certain answers Plaintiff gave during the interview, improperly contacted Plaintiff's former supervisor, and concocted allegations that Plaintiff was reprimanded while serving in the United States Air Force. *Id.* at ¶¶ 6-8. Plaintiff believes Dr. Seagrave's purported actions were motivated by Plaintiff's race. *Id.* at p. 7-8. Plaintiff further claims there are no African Americans currently employed at TECC/NNSA in Albuquerque, and Department of Energy Employees have filed discrimination complaints against Dr. Seagrave. *Id.* Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 22, 2008. *Id.*; Def.'s Ex. 2 (EEOC Compl. of Discrimination). On April 28, 2011, the EEOC affirmed the EEOC Administrative Judge's decision finding the Defendant did not discriminate against Plaintiff as alleged in Plaintiff's EEOC complaint. Compl., Ex. 1.

## II. LEGAL STANDARD

*A.     Motion to Dismiss for Improper Venue*

Defendant initially moves to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  When evaluating a Rule 12(b)(3) motion, the Court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002).  Plaintiffs generally bear the burden of demonstrating venue is proper.  *Walden v. Locke*, 629 F. Supp. 2d 11, 13 (D.D.C. 2009).

*B.     Motion to Transfer Pursuant to Section 1404(a)*

Pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"), "[f]or the convenience of parties and witnesses, in the interest of justice," the Court may transfer a case to any other district where the case might have been brought.  Although the Court is afforded broad discretion to decide whether to transfer is proper under Section 1404(a), *SEC v. Savoy Indus. Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978), the defendant "must satisfy a very substantial burden of demonstrating where 'justice' and 'convenience' lie," *Hoffman v. Blaski*, 363 U.S. 335, 366 (1960).  The decision to transfer is made by an "individualized, case-by-case consideration of convenience and fairness."  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

## III. DISCUSSION

Defendant contends Plaintiff's Complaint should be dismissed, or in the alternative, transferred to the District of New Mexico because (1) venue is improper in the District of Columbia under Title VII; and (2) transfer is appropriate under Section 1404(a).  The Court finds

Defendant waived any objection to improper venue by failing to raise the argument in his initial responsive pleading or in an amendment as of right as required by Federal Rule of Civil Procedure 12.  Furthermore, Defendant failed to show it is in the interest of justice, fairness, or convenience to transfer this matter to the District of New Mexico.  Therefore Defendant's motion to dismiss or transfer is denied.

      *A.*     *Defendant Waived His Venue Objection Under Rule 12(b).*

Rule 12(b) provides that "[a] motion asserting any of these defenses," including the defense of improper venue, "must be made before pleading if a responsive pleading is allowed." The rule further indicates that a party waives an improper venue defense by failing to raise the defense by motion or by including it in a responsive pleading or amendment to that pleading as a matter of course under Rule 15(a)(1).  In other words, the defense of improper venue is waived unless a party asserts the defense of improper venue (1) in a Rule 12(b) motion filed before the answer; (2) in the initial answer; or (3) in an amendment to the answer within 21 days of serving the answer.

On October 31, 2011, Defendant filed an Answer to the Complaint.  Answer, ECF No. [5].  Defendant did not include improper venue as an affirmative defense in his Answer.  *Id.* at 1-2.  During the Initial Scheduling Conference on February 10, 2012, the Court instructed the parties to file amended pleadings by no later than February 17, 2012.  2/10/12 Sched. & P. Order, ECF No. [11], at 5.  In its Amended Answer, filed February 17, 2012, Defendant for the first time alleged venue was improper under Title VII.  Am. Answer, ECF No. [12], at 1.  Two weeks later, Defendant filed the present motion to dismiss, and acknowledged that his improper venue argument "may be considered waived."  Def.'s Reply at 2.  The Court agrees.  Defendant

did not file a Rule 12(b)(3) motion prior to filing his answer, did not include improper venue as a defense in the answer, and did not amend the answer to include the defense within 21 days as a matter of right. Defendant waived its improper venue objection, therefore Defendant's motion to dismiss for improper venue is denied.

      *B.*      *Transfer Pursuant to Section 1404(a) is Not in the Interest of Justice*

Before addressing whether a transfer under Section 1404(a) is appropriate, the Court must determine whether this suit "might have been brought" in the District of New Mexico as required by Section 1404(a).[2] The venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3) indicates that

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

In this case, the Plaintiff does not dispute that "the unlawful unemployment practice is alleged to have been committed" in the District of New Mexico, or that but for the alleged conduct, Plaintiff would have worked in New Mexico. Therefore, under Title VII Plaintiff could have

---

[2] Even absent Defendant's waiver of his improper venue defense, for purposes of Section 1404(a), the District of Columbia would still be considered a district "in which the action might have been brought," since the Secretary of Energy's principal office is in the District of Columbia. 42 U.S.C. § 2000e-5(f)(3) ("For purposes of [Section 1404], the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."); Def.'s Mot. at 7 (noting Defendant's principal office is in this District of Columbia).

brought suit in the District of New Mexico, and the Court may now look to whether the private and public factors demonstrate that a transfer is warranted.

          1.        <u>Private Factors Do Not Favor Transfer to the District of New Mexico</u>

The Court begins by considering the private interests at stake in a transfer, which include: (1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent they may actually be unavailable for trial in one forum; and (6) the ease of access to sources of proof. *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 55 (D.D.C. 2011). On balance, these factors do not weigh in favor of transferring this matter.

          a.        Plaintiff's and Defendant's choice of forum.

Courts normally give considerable deference to the plaintiff's choice of forum. *Id.* However, a plaintiff's choice of forum is "conferred less deference by the court when [it] is not the plaintiff's home forum." *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)); *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008). In this case, Plaintiff resides outside of the District of Columbia,[3] therefore this factor does not weigh as strongly against transfer and is partly balanced by Defendant's preference for the District of New Mexico. The Court notes, though, that the Defendant resides just outside of the District of Columbia. *See* Pl.'s Opp'n at 3. The parties' respective forum preferences weigh against transferring the case, although not as strongly as it

---

   [3] Plaintiff's claim in his Opposition that he "reside[s] in this venue," is belied by two pages of Plaintiff's pleading which include Plaintiff's address in Maryland. *Compare* Pl.'s Opp'n at 1 *with id.* at 3.

would if Plaintiff resided in this District.

                b.      Where the claims arose.

The parties agree that Plaintiff's claims arose primarily in the District of New Mexico. Plaintiff applied for a position in New Mexico, and the decision to revoke Plaintiff's conditional offer of employment appears to have been made by individuals in New Mexico. *E.g.*, Pl.'s Opp'n, Ex. 1 ("U.S. Dep't of Energy, Case Evaluation for Security Clearance), at 1; Def.'s Ex. 1, Compl. ¶¶ 1-19; Def.'s Initial Disclosures, ECF No. [19-1] at 1-3. It is not clear from the record whether Plaintiff's psychological evaluation took place in New Mexico, or in the District of Columbia, where Plaintiff worked prior to and following the conditional offer of employment at issue in this case. Plaintiff's use of a New Mexico address when submitting his EEOC complaint tends to indicate Plaintiff resided in New Mexico during the events in question. Def.'s Ex. 2 at 1. On balance the Court can say on the record before it that most of the key events underlying Plaintiff's claim of discrimination took place in New Mexico, therefore this factor favors transfer to New Mexico.

                c.      Convenience of the parties.

As Plaintiff laments, transferring this case to the District of New Mexico would place a great burden on Plaintiff, particularly if the case proceeds to trial. Depositions could take place via videoconferencing, obviating the need for Plaintiff to travel to New Mexico. However, Plaintiff would be required to travel to New Mexico for the trial itself, and even pre-trial hearings if required by that court. Transferring the matter to the District of New Mexico would compound the burden Plaintiff already faces as a pro se litigant. Moreover, if the case remained with the United States Attorney's Office for the District of Columbia, Defendant would face

similar inconvenience in litigating the matter.  If the United States Attorney's Office for the District of New Mexico were to take over as Defendant's counsel, the case would likely be delayed so as to allow new counsel time to become familiar with a case.  This delay is particularly inconvenient at this point in the case because the parties are preparing to finish discovery and proceed to dispositive motions.  Allowing time for new counsel to represent the Defendant would either delay the close of discovery, delay the filing of pretrial motions, or both.  Thus, the convenience of the parties favors maintaining venue in this Court.

> d.      Convenience of the witnesses.

The parties' Rule 26(a)(1) initial disclosures indicate that with the exception of the Plaintiff and one of Defendant's witnesses, most if not all of the relevant witnesses currently reside in the District of New Mexico.  Pl.'s Initial Discl., ECF No. [18]; Def.'s Initial Discl., ECF No. [19-1] at 1-3.  Videoconferencing for depositions would avoid the need for the witnesses to travel during discovery.  Admittedly, the witnesses would have to travel to this District for trial, unless the parties stipulated to the use of deposition or other non-live testimony.  However, at no point has Defendant represented that any of the witnesses—all but one of which are current employees of the Department of Energy—would be unavailable for trial, that is, unwilling to appear absent a trial subpoena from this Court.  Absent a risk a witness will be unavailable for trial, the convenience of the parties does not weigh in favor of transfer.  *Ravulapalli*, 773 F. Supp. 2d at 55.

> e.      Ease of access to source of proof.

As Plaintiff notes, technology enables the parties access to sources of proof in distant jurisdictions, meaning the final private interest factor does not weigh in favor of transferring this

case to New Mexico as it might have in the past. Videoconferencing allows parties to take depositions without the need for parties to travel to the witnesses' location(s), or vice versa. Defendant does not contest Plaintiff's assertion that in addition to the records maintained by TECC/NNSA in New Mexico, many of the relevant documents are also located in Plaintiff's personnel file at the Department of Energy headquarters in the District of Columbia. Pl's Opp'n at 2. Even if relevant documents are located only in the District of New Mexico, there is no indication that scanning and electronically transferring, or reproducing and mailing the documents to the Plaintiff, would be logistically difficult or cost prohibitive. The parties' ability to access relevant sources of proof remotely means this factor does not weigh in favor of transfer to the District of New Mexico.

          2.      <u>Public Factors Do Not Favor a Transfer to the District of New Mexico</u>

The Court turns next to consideration of the public interest factors: (1) the transferee forum's familiarity with the governing laws and the pendency of related actions in that forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Ravulapalli*, 773 F. Supp. 2d at 56. Plaintiff's claims for relief arise entirely under Title VII, a Federal statute, and neither party indicated related actions are pending in the District of New Mexico, therefore the first public factor does not weigh in favor of transferring this case.

Judicial case load statistics provide a mixed indication as to which District Court's docket is less congested. Overall, on average cases are disposed of more quickly in the District of Columbia. Federal Judicial Caseload Statistics March 31, 2011, Table C-5, at 1, 3 (showing a median time interval to disposition of 6.5 months in the District of Columbia and 8.5 months in

the District of New Mexico).  Cases terminated by Court action prior to the pretrial stage are also disposed of faster in the District of Columbia.  *Id.* (showing a median time interval to disposition by Court action before pretrial of 7.4 months in the District of Columbia and 9.2 months in the District of New Mexico).  Conversely, cases are terminated by Court action during pretrial, after pretrial proceedings, and through trial at a faster rate in the District of New Mexico.  *Id.*  The Court cannot at this stage determine how or when this case will be resolved, so docket congestion does not weigh in favor of or against transfer.

Admittedly, the District of New Mexico has an interest in the underlying dispute.  The alleged unlawful employment actions took place in New Mexico, and if true, represent an ongoing practice of discrimination against racial minorities by the Department of Energy in New Mexico.  However, absent a more robust record concerning the employment practices and policies at work at TECC/NNSA, including any relationship to Department of Energy employment practices at large, the Court cannot conclusively say that the District of Columbia has no interest in the dispute.  The nature of this dispute weighs slightly in favor of transferring this action to the District of New Mexico, but not overwhelmingly so.

Considering the public and private factors together, the Court finds the relevant factors as a whole do not weigh in favor of transferring this case to the District of New Mexico.  Although venue would be proper under Title VII in the District of New Mexico, Defendant has failed to meet his "very substantial burden of demonstrating where 'justice' and 'convenience' lie." *Hoffman v. Blaski*, 363 U.S. 335, 366 (1960).  The Court finds in its discretion that a transfer would not be in the interest of justice, therefore Defendant's motion is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds this case should not be transferred to the District of New Mexico.  By failing to comply with the pleading requirements of Rule 12, Defendant waived his improper venue objection under Title VII.  In light of the public and private factors relevant to a request for transfer pursuant to Section 1404(a), though some individual factors favor transferring the matter to the District of New Mexico, overall the factors do not favor a transfer.  Therefore, in its discretion, the Court finds transferring this matter pursuant to Section 1404(a) is not in the interest of justice, convenience, or fairness.  Defendant's [13] Motion to Dismiss or to Transfer the Matter Pursuant to Title VII or, in the Alternative, Pursuant to 28 U.S.C. § 1404(a) and [15] Motion to Stay Discovery are DENIED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   May 7, 2012

>   */s/*
>   **COLLEEN KOLLAR-KOTELLY**
>   United States District Judge